FIRST TRUST & SAVINGS BANK v
McCAUSLAND et.

Ohio Appeals, 9th Dist, Summit Co

No 1609. Decided May 9, 1929

Doolittle, Foust & Holden, Akron, for Savings Bank.
Loyd R. Read, Akron, for McCausland et.

WASHBURN, J.

The principal claim of the administrator is that, "granting all the allegations of the answer and all that was testified to by any of the defendants' witnesses, we have altogether nothing more or less than an effort on the part of James Fee to make a testamentary disposition of his assets without making a will."

It is elemental that a testamentary disposition of property can be made only by will executed as required by law, and if the transaction plead and proved in this case was such a disposition of property, the judgment in this case is clearly erroneous, as the court denied to the administrator any sort of right or interest in said note.

The transaction did not constitute a gift of the note, for no delivery was made or contemplated during the life of James Fee; the title to the note was to and did remain in James Fee until his death, when it passed to his administrator.

The McCauslands were not to have any interest or rights in the note in any event until after the death of James Fee, and then only in the event of his dying before the note became due; and if James Fee outlived the due date of the note, the McCauslands were to pay the same.

The McCauslands were not to do anything until the death of James Fee and then only in the event of his dying before a certain time; there was no present disposition of the note but there was to be, under a certain contingency, a disposition after his death.

It cannot be said that there was a present disposition which might become inoperative if James Fee lived until the note became due, because no change of possession of the note was made or contemplated during the life of James Fee; it is apparent that no disposition was attempted to be made which, under any circumstances, was to take effect until on or after the death of James Fee; indeed, his death before a certain time was a **condition precedent** to any disposition of the note.

The transaction was, it seems to us, clearly testamentary in character, and because not made in conformity to the law relating to wills, was ineffectual as a disposition of the note and did not prevent the title of the note passing to the administrator, or affect the administrator's right to collect the same. (**Phipps v. Hope, 16 OS. 566.**

Whatever rights accrued to the McCauslands by the transaction, were enforceable against the estate of James Fee; whether they are still enforceable is not now before this court.

Funk, PJ, and Pardee, J, concur.